■ In the Matter of David F. Ryan et al., Appellants, v City Council of the City of Yonkers et al., Respondents, and 1020 Warburton Avenue Realty Corp., Intervenor-Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Yonkers Zoning Board of Appeals dated November 17, 1987, which was confirmed by the respondent City Council of the City of Yonkers by resolution dated December 8, 1987, granting the intervenor 1020 Warburton Avenue Realty Corporation a special exception to construct a swimming pool on the site of the intervenor's approved building complex, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Ruskin, J.), entered May 9, 1988, as dismissed the proceeding as untimely pursuant to General City Law § 82.

Ordered that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

The petitioners herein are the owners of a single-family dwelling located at 1012 Warburton Avenue, Yonkers, New York. The intervenor is a corporation seeking to erect a 68-unit condominium dwelling at 1020 Warburton Avenue, which is adjacent to the petitioners' home. Despite continued opposition by the petitioners, the intervenor was granted a building permit by the department of buildings on October 27, 1987,

and on November 17, 1987, the Zoning Board of Appeals issued a decision approving plans for a swimming pool on the premises. By Resolution No. 252-1987, dated December 8, 1987, and filed December 9, 1987, the City Council of the City of Yonkers granted a special exception for the pool. The instant proceeding was commenced by notice of petition and petition seeking to review the determination granting the special exception. It is not controverted that this petition was not served upon the respondents until April 14, 1988.

The petition was properly dismissed since it was untimely filed. Pursuant to General City Law § 82 (1): "Any person or persons, jointly or severally aggrieved by any decision of the board of appeals or any officer, department, board or bureau of the city, may apply to the supreme court for relief by a proceeding under article seventy-eight of the civil practice law and rules. Such proceeding shall be governed by the provisions of article seventy-eight of the civil practice law and rules, except that (a) it must be instituted as therein provided within thirty days after the filing of a decision in the office of the board".

Clearly the instant proceeding was not brought within the prescribed statutory period.

We reject the petitioners' contention that the four-month Statute of Limitations of CPLR 217 is controlling, as CPLR 217 expressly states that its four-month statutory period applies only in cases where no shorter time is prescribed. Similarly unavailing is the petitioners' argument that the 30-day Statute of Limitations contained within General City Law § 82 does not apply because the City Council is a "body" rather than a "board" as referred to in General City Law § 82. In this regard, we note that CPLR 7802 (a) defines a "body" as a "board"; therefore the failure of General City Law to make specific reference to a "body" does not support the petitioners' position that the actions of the City Council are to be challenged within a four-month statutory period. We note that even if the four-month Statute of Limitations applied, this proceeding would be untimely since the Statute of Limitations began to run on December 9, 1987, the date the resolution was filed. Mollen, P. J., Kunzeman, Rubin and Eiber, JJ., concur.